# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ANITA JOHNSON, *as Independent Administrator of the Estate of Edward Russell, Jr.*, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  1:18-cv-1220 |
| v. | ) ) ) | |
| CITY OF PEORIA, MATTHEW LANE, SEAN JOHNSTON, CHRISTOPHER HEATON, TYLER HODGES, JASON LEIGH, & IAN MCDOWELL, | ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

This matter is before the Court on Plaintiff Anita Johnson's[1] Motion to Dismiss Without Prejudice; the Motion seeks dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 24). Defendants filed a Response opposing an unconditional dismissal without prejudice and requesting a dismissal with prejudice or, alternatively, a conditional dismissal. (Doc. 25).

Rule 41(a)(2) states, in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[2] "Rule 41(a)(2) requires the plaintiff to persuade the

---

[1] Plaintiff is acting as Independent Administrator of the Estate of Edward Russell, Jr.
[2] Because Defendants have filed an answer and have not agreed to a stipulated dismissal, Plaintiff may only seek a voluntary dismissal under Rule 41(a)(2). *See* Fed. R. Civ. P. 41(a)(1)(A).

district court and to establish that voluntary dismissal without prejudice is warranted." *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994).

Whether to grant a motion under Rule 41(a)(2) and whether to impose conditions on the dismissal—such a dismissal with prejudice rather than without—are matters left to the discretion of the district court. Fed. R. Civ. P. 41(a)(2); *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008); *Carter v. City of Alton*, 922 F.3d 824, 826 (7th Cir. 2019). The only limitation the Seventh Circuit has placed on the district court's discretion is that the decision may not result in "plain legal prejudice" to the defendant. *See Kunz*, 538 F.3d at 677. The Seventh Circuit has "identified four factors that throw light on whether this kind of prejudice would arise: '[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.' " *Id.* at 677–78 (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

Any potential prejudice to Defendants will be cured by a dismissal with prejudice, a condition the Court is inclined to impose regardless. Plaintiff's utter failure to provide any justification whatsoever for an unconditional dismissal without prejudice is reason enough to disregard her request, as the burden lies with her. Though Defendants have not yet filed a motion for summary judgment, this case was filed June 17, 2018, more than fourteen months ago. Not only have Defendants answered, but the parties have engaged in extensive discovery, which is set to close

in less than a week. An unconditional dismissal without prejudice is simply not appropriate this late in the game, particularly after Defendants' expenditure of such time and resources. Lateness aside, the Court is deeply disturbed by the following alleged discovery violations by Plaintiff: (1) the initial failure to disclose Brooke Russell's recorded interviews; (2) the initial failure to disclose the existence of certain physical evidence or its relevance; (3) the untruthful statement that no physical evidence existed; (4) the failure to engage in any discussion about the current condition or whereabouts of the physical evidence and its preservation; and (5) the representation there was no duty to preserve the physical evidence. That the instant Motion comes on the heels of Plaintiff's recent disclosure of these matters deepens the Court's concern. At best these alleged violations, if true, and their timing suggest a lack of diligence on Plaintiff's part; at worst, they suggest serious misconduct.

Based on the above, the Court will enter an Order granting Plaintiff's Motion to Dismiss, but the dismissal will be with prejudice. If Plaintiff will not agree to a dismissal with prejudice, she may withdraw the instant Motion within fourteen (14) days of the date of this Order. *See Carter*, 922 F.3d at 826.

SO ORDERED.

Entered this 26th day of August 2019.

/s Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge